■ CORNELIUS BOURNE et al., Respondents, v UTOPIA I, LLC, et al., Appellants, et al., Defendants. [833 NYS2d 226]—

In an action to recover damages for personal injuries, etc., the defendants Utopia I, LLC and GII Construction Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated December 20, 2005, as denied those branches of their respective motions which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motions of the defendants Utopia I, LLC and GII Construction Corp. which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them are granted.

The plaintiff Cornelius Bourne (hereinafter the plaintiff) was injured while working for a subcontractor hired by the defendant GII Construction Corp. (hereinafter GII), the general contractor of a construction project on property owned by the defendant Utopia I, LLC (hereinafter Utopia). The plaintiff allegedly was thrown against a dumpster when the bucket of a "bobcat" that was owned and operated on the site by one of GII's subcontractors struck the temporary metal fence surrounding the site, causing the fence to fold outward and strike the plaintiff.

The plaintiff and his wife, suing derivatively, commenced this action against Utopia and GII alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241 (6). The plaintiffs alleged, in part, that the installation and maintenance of the fence rendered it incapable of withstanding contact with the bucket of the bobcat. GII moved, and Utopia separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. GII and Utopia asserted that the common-law negligence and Labor Law § 200 causes of action should be dismissed as they did not direct, control, or supervise the plaintiff's work and did not have notice of the allegedly dangerous and defective condition of the fence. Additionally, they contended that the plaintiffs' cause of action pursuant to Labor Law § 241 (6) should be dismissed as the Industrial Code provision cited by the plaintiffs in support of that cause of action, 12 NYCRR 23-9.5 (c), was not applicable to the facts of the case. The Supreme Court denied both motions.

The Supreme Court erred in denying those branches of Utopia's and GII's motions which were for summary judgment dismissing the common-law negligence and the Labor Law § 200 causes of action insofar as asserted against them. Utopia and GII established their prima facie entitlement to summary judgment by demonstrating that they did not exercise any control over the manner or method of the work and that they did not create or have notice of any alleged defective condition on the property (*see Giambalvo v Chemical Bank*, 260 AD2d 432, 434 [1999]). In opposition, the evidence submitted by the plaintiffs failed to raise a triable issue of fact (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 623 [2003]).

The Supreme Court also erred in denying those branches of the motions which were for summary judgment dismissing the Labor Law § 241 (6) causes of action based upon the alleged violation of 12 NYCRR 23-9.5 (c) insofar as asserted against them, in that those are not applicable to the facts of the case. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.