■ JOSEPH CARROLL et al., Appellants, v COUNTY OF ERIE, Respondent. [850 NYS2d 738]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 4, 2007 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Joseph Carroll (plaintiff) when the excavator near which he was standing swivelled to pick up a manhole cover, whereupon the counterweight of the shovel arm struck plaintiff's shoulder. As limited by their brief, plaintiffs contend that Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violations of 12 NYCRR 23-9.2 (i), which prohibits persons from riding in the buckets of power-operated equipment, and 12 NYCRR 23-9.4 (h) (4), which requires that unauthorized persons shall not be permitted in the cab of equipment used for material handling or in the area immediately adjacent to such equipment. Contrary to plaintiffs' contention, the court properly determined that defendant established its entitlement to judgment as a matter of law with respect to that part of its motion, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Although plaintiff had ridden in the bucket of the excavator in violation of 12 NYCRR 23-9.2 (i) in order to lower himself into the trench where the manhole was being installed and then to raise himself out of the trench, he was no longer in the bucket at the time of the accident. Thus, defendant's alleged violation of 12 NYCRR 23-9.2 (i) was not a proximate cause of plaintiff's injuries (*see generally Egan v Monadnock Constr., Inc.*, 43 AD3d 692, 694 [2007]; *Mercado v TPT Brooklyn Assoc., LLC*, 38 AD3d 732, 733 [2007]). Although we agree with plaintiffs that 12 NYCRR 23-9.4 (h) (4) applies herein because the excavator was being used at the time of the accident to handle materials, we

reject plaintiffs' contention that plaintiff was an "[u]nauthorized person[ ]" within the meaning of that regulation (12 NYCRR 23-9.4 [h] [4]). Plaintiff was a member of the work crew on the site and was injured while removing a rod from the trench after using it to measure the grade. Thus, "[u]nder any view of the facts, plaintiff was not an 'unauthorized' person 'in the . . . [area] immediately adjacent to . . . [an excavator] in operation' " (*Mingle v Barone Dev. Corp.* [appeal No. 2], 283 AD2d 1028, 1029 [2001]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.