[937 NE2d 79, 910 NYS2d 415]

WANDERLEI GASQUES et al., Appellants, v STATE OF NEW YORK, Respondent.

Argued September 15, 2010; decided October 21, 2010

APPEARANCES OF COUNSEL

*Breakstone Law Firm, P.C.*, Bellmore (*Jay L.T. Breakstone* of counsel), and *Herbert William Fischman, P.C.*, New York City (*Herbert William Fischman* of counsel), for appellants.

*Cartafalsa, Slattery, Turpin & Lenoff*, New York City (*Michael J. Lenoff* and *B. Jennifer Jaffee* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

Claimant Wanderlei Gasques was injured while repainting the inside of a leg of the Kosciuszko Bridge, using a "spider scaffold." His hand was injured when it became caught between the scaffold and the leg of the bridge, while the scaffold was ascending.

With respect to claimants' Labor Law § 240 (1) cause of action, the parties agree that Gasques' hand was crushed because the scaffold continued to move, under the impetus of one of its motors, while his hand was trapped between an external motor control on the scaffold and the steel of the bridge. This injury was not the direct consequence of the application of the force of gravity to an object or person (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). Therefore claimants' Labor Law § 240 (1) claim was properly dismissed.

Claimants' Labor Law § 241 (6) cause of action was also properly dismissed because it is based solely on 12 NYCRR 23-1.5 (c) (1), which requires that machinery or equipment used by employees be "in good repair and in safe working condition." It is well established that, in a Labor Law § 241 (6) claim, the rule or regulation alleged to have been breached must be a "specific, positive command" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998], quoting *Ross*, 81 NY2d at 504). 12 NYCRR 23-1.5 (c) (1) does not set forth a specific standard of conduct and therefore cannot serve as a predicate for a Labor Law § 241 (6) claim.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, affirmed, etc.