■ ROLAND AUSTIN, Respondent-Appellant, v CONSOLIDATED EDISON, INC., et al., Appellants-Respondents. [913 NYS2d 684]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 13, 2009, as denied that branch of their motion which was for summary judgment dismissing so much of the cause of action to recover damages pursuant to Labor Law § 241 (6) as was based on an alleged violation of 12 NYCRR 23-1.7 (d), and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 200 and so much of the cause of action to recover damages pursuant to Labor Law § 241 (6) as was based on alleged violations of 12 NYCRR 23-1.5 and 23-4.2.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants contracted with New York Plumbing Heating & Cooling Corporation (hereinafter the contractor) to replace underground water main pipes at their Astoria facility. The

agreement required the contractor to excavate a trench, lay the new pipes, and refill the trench. The excavated material, consisting of rock and gravel, was to be placed in a pile next to the trench so it could be used—provided testing for contaminants was negative—to refill the trench. At the end of each work day, the contractor was required to cover the pile of dirt and soil with a plastic tarp, with the tarp to be anchored down by solid cement blocks along the middle and on the corners. Since the property had been designated a hazardous waste site, the defendants required all of the contractor's workers to wear protective equipment, including rubber boots. The plaintiff alleged that on the afternoon of October 20, 2006, while wearing rubber boots, he stepped onto the tarp-covered pile of soil and dirt with the intention of crossing over it to secure a corner of the tarp, and that he fell as he was crossing over the tarp-covered pile. The plaintiff testified at his deposition that the weather at the time of the accident involved 60 mile-per-hour winds and "very" heavy rain.

The plaintiff commenced this action to recover damages pursuant to, inter alia, Labor Law §§ 200 and 241 (6). Following joinder of issue and discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, except for that branch which was for summary judgment dismissing so much of the cause of action to recover damages pursuant to Labor Law § 241 (6) as was based on an alleged violation of 12 NYCRR 23-1.7 (d).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action to recover damages pursuant to Labor Law § 241 (6) as was based on an alleged violation of 12 NYCRR 23-1.7 (d). The defendants failed to establish their prima facie entitlement to judgment as a matter of law on that portion of the cause of action, as they failed to demonstrate that, under the circumstances, the tarp-covered pile of soil and dirt did not qualify as an "elevated working surface" within the meaning of 12 NYCRR 23-1.7 (d) (*see Doyne v Barry, Bette & Led Duke*, 246 AD2d 756, 759 [1998]; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350-351 [1998]; *Hammond v International Paper Co.*, 178 AD2d 798, 799 [1991]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 200. To be held liable where, as here, the accident in question arose from the manner in which the work was being performed, it must be shown that the "party to be charged had the author-

ity to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (*Gasques v State of New York*, 59 AD3d 666, 668 [2009], *affd* 15 NY3d 869 [2010]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). Here, the defendants established, prima facie, that they did not "have the authority to control the activity bringing about the injury" (*Russin v Louis N. Picciano & Son*, 54 NY2d at 317; *see Hurtado v Interstate Materials Corp.*, 56 AD3d 722 [2008]; *cf. Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). The deposition testimony of the defendants' chief construction inspector demonstrated that the defendants' authority was limited only to ensuring compliance with safety regulations and contract specifications, which is insufficient to impose liability under Labor Law § 200 (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]; *Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408 [2006]). In opposition, the plaintiff relied on, inter alia, the deposition testimony of the defendants' chief construction inspector, as well as the plaintiff's own deposition testimony and affidavit, which was insufficient to raise a triable issue of fact as to whether the defendants possessed authority to supervise or control the work sufficient to render them liable under Labor Law § 200 (*see Peay v New York City School Constr. Auth.*, 35 AD3d at 567; *Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 643 [2006]; *Bink v F.C. Queens Place Assoc., LLC*, 27 AD3d 408 [2006]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.