■ MARIA H. FERREIRA et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents, and AMMANN & WHITNEY, INC., Respondent, et al., Defendant. (And Third-Party Actions.) [927 NYS2d 100]—

In an action to recover damages for personal injuries, the defendants City of New York, New York City Department of Transportation, New York City Department of Design and Construction, AAH Construction, Corp., and Housing Preservation & Development appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 16, 2010, as, in effect, denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-9.5 (c) insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as, in effect, granted those branches of the motion of said defendants and the separate motion of the defendant Ammann & Whitney, Inc., also known as Ammann & Whitney Consulting, which were for summary judgment (1) dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) based on alleged violations of 12 NYCRR 23-4.2 (k) and 23-9.4 (h) (4) insofar as asserted against them, and (2) dismissing the causes of action to recover damages for a violation of Labor Law § 200 and for common-law negligence insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants City of New York, New York City Department of Transportation, New York City Department of Design and Construction, AAH Construction, Corp., and Housing Preservation & Development, which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-9.5 (c) insofar as asserted against them is granted; and it is further,

Ordered that the order is modified insofar as cross-appealed from, on the law, by deleting the provision thereof, in effect, granting that branch of the motion of the defendants City of New York, New York City Department of Transportation, New York City Department of Design and Construction, AAH Construction, Corp., and Housing Preservation & Development, which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-4.2 (k) insofar as asserted against them, and substituting therefor a provision

denying that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Ammann & Whitney, Inc., also known as Ammann & Whitney Consulting, payable by the plaintiffs.

The plaintiffs' decedent, a laborer employed by Chelmsford Contracting Corp., was part of a crew that was installing new pedestrian ramps at the corner of Hegeman Avenue and Herzl Street in Brooklyn. The decedent was fatally injured when he was pinned against a flatbed truck by the outrigger of a backhoe.

Contrary to the plaintiff's contention, the defendant Ammann & Whitney, Inc., also known as Ammann & Whitney Consulting (hereinafter A&W), a professional engineer on the project, established its entitlement to judgment as a matter of law on the cause of action to recover damages for a violation of Labor Law § 241 (6). A professional engineer such as A&W cannot be liable under this statute where, as here, it does not "direct or control the work for activities other than planning and design" (Labor Law § 241 [9]; *Becker v Tallamy, Van Kuren, Gertis & Assoc.*, 221 AD2d 1014 [1995]; *Mazurowski v Sverdrup Corp.*, 212 AD2d 433 [1995]; *Carter v Vollmer Assoc.*, 196 AD2d 754 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to the plaintiffs' further contention, the defendants City of New York, New York City Department of Transportation, New York City Department of Design and Construction, AAH Construction, Corp., and Housing Preservation & Development (hereinafter collectively the City defendants) demonstrated their prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-9.4 (h) (4). The decedent, as a member of the work crew, was not an "unauthorized person" who would not be permitted to stand adjacent to the backhoe pursuant to 12 NYCRR 23-9.4 (h) (4) (*see Carroll v County of Erie*, 48 AD3d 1076 [2008]; *Mingle v Barone Dev. Corp.*, 283 AD2d 1028 [2001]). The plaintiffs failed to raise a triable issue of fact in opposition to this showing.

However, the Supreme Court erred in, in effect, granting that branch of the City defendants' motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-4.2 (k). Contrary to the Supreme Court's conclusion, 12 NYCRR 23-4.2 (k) provides a sufficient predicate for the imposition of liability pursuant to Labor Law § 241 (6) (*see Garcia v Silver Oak USA*, 298 AD2d 555 [2002]). Further,

contrary to the City defendants' contention, inasmuch as that subsection applies to persons such as the decedent working in "any area where they may be struck or endangered by any excavation equipment," it is applicable to the facts of this case (12 NYCRR 23-4.2 [k]).

The Supreme Court also erred in denying that branch of the City defendants' motion which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-9.5 (c). The City defendants established their prima facie entitlement to judgment as a matter of law on that cause of action by demonstrating that 12 NYCRR 23-9.5 (c) was inapplicable to these facts because the decedent's accident was not related to a "power shovel" or "dipper bucket" (12 NYCRR 23-9.5 [c]; *see Bourne v Utopia I, LLC*, 39 AD3d 445 [2007]). The plaintiffs failed to raise a triable issue of fact in opposition.

Contrary to the plaintiffs' contention, the motions of the City defendants and A&W for summary judgment dismissing the causes of action to recover damages for a violation of Labor Law § 200 and for common-law negligence were properly granted. Where, as here, a plaintiff's claim arises out of the means and methods of the work, an owner or general contractor cannot be liable under Labor Law § 200 unless it is shown that they had the authority to supervise or control the performance of the work (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1125 [2010]; *Orellana v Dutcher Ave. Bldrs., Inc.*, 58 AD3d 612 [2009]; *Duarte v State of New York*, 57 AD3d 715, 716 [2008]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). The City defendants and A&W established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not supervise or control the performance of the work that led to the decedent's injuries and death. In opposition, the plaintiff failed to raise a triable issue of fact. General supervisory authority for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability (*see La Veglia v St. Francis Hosp.*, 78 AD3d at 1125; *Ortega v Puccia*, 57 AD3d at 62-63; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796 [2007]). Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31037(U).]**