[962 NE2d 256, 938 NYS2d 835]

EDWARD BEAZER, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and BEYS CONTRACTING, INC., Appellant.

Argued November 15, 2011; decided December 15, 2011

## APPEARANCES OF COUNSEL

*Smith Mazure Director Wilkins Young & Yagerman, P.C.*, New York City (*Joel M. Simon* and *Marcia K. Raicus* of counsel), for appellant.

*David Horowitz, P.C.*, New York City (*Steven J. Horowitz* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Plaintiff Edward Beazer sliced his left thumb while using an unguarded angle grinder to cut a piece of exposed hollow steel tube out of a concrete floor at a construction site at Bellevue Hospital Center in New York City. At the time, plaintiff was employed by Turner Construction Company, the construction manager for the Bellevue project pursuant to a contract with the New York State Dormitory Authority (DASNY), the owner of the premises. Defendant Beys Contracting, Inc. was working on the project under a separate contract with DASNY.

Plaintiff subsequently sued New York City, the New York City Health and Hospitals Corporation (HHC) and Beys for damages, asserting causes of action for violations of Labor Law §§ 200 and 241 (6), and for common-law negligence. Supreme Court dismissed the complaint and all cross claims against the City and HHC on the ground that the State of New York owned Bellevue; and granted Beys summary judgment dismissing plaintiff's Labor Law claims (2009 NY Slip Op 31291[U] [Sup Ct, NY County 2009]). As for plaintiff's common-law negligence cause of action, Supreme Court denied Beys's motion on the ground there were material disputed issues of fact. The Appellate Division agreed, with two Justices dissenting (76 AD3d 405

[1st Dept 2010]). Beys appeals to us by permission of the Appellate Division.

We affirm. There are unresolved factual issues bearing on whether Beys owed any duty to plaintiff with respect to the condition of the grinder. There is conflicting evidence as to whether the grinder was owned by Beys or Turner, and as to the circumstances under which plaintiff came to possess the grinder.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order affirmed, etc.