■ In the Matter of RECOVERY OF JUDGMENT, LLC, as Assignee of Joshua Wander, Respondent, v JOSEPH WARREN, Appellant. [937 NYS2d 85]—

In June 2003 the Supreme Court confirmed an arbitration award and entered judgment against Joseph Warren and in favor of Joshua Wander in the total sum of $28,587.50. Warren admitted that he never paid any portion of the judgment to Wander and, after nearly seven years, Wander assigned the judgment to Recovery of Judgment, LLC.

In June 2010 Recovery of Judgment, LLC, served, among other things, a restraining notice pursuant to CPLR 5222 upon JP Morgan Chase (hereinafter Chase), seeking to restrain the

funds held in an account maintained by Warren. A City Marshal made levy and demand, pursuant to CPLR 5232 (a), upon Warren's account at Chase, and Chase sent Warren, inter alia, a notice of the restraint on his account and exemption claim forms pursuant to CPLR 5222-a (b) (3).

Thereafter, Warren moved to vacate the restraint on his account, contending that certain funds in his account were exempt from restraint or seizure and that he served exemption claim forms on Chase and the plaintiff's attorney pursuant to CPLR 5222-a (c) (1). The Supreme Court denied the motion. Warren appeals and we affirm.

In order to claim an exemption pursuant to the procedures set forth in CPLR 5222-a (c) (1), the judgment debtor "shall complete the exemption claim forms, sign them under penalty of perjury, and serve them within twenty days of the date postmarked on the correspondence containing the [restraining and exemption] notice and [exemption claim] forms" (CPLR 5222-a [c] [1]). The judgment debtor "shall serve one completed exemption claim form on the banking institution and the other on the attorney for the judgment creditor" (*id.*). "The judgment debtor may serve the exemption claim forms in person or by first-class mail" (*id.*).

"If no claim of exemption is received by the banking institution within twenty-five days after the notice and forms are mailed to the judgment debtor, the funds remain subject to the restraining notice or execution" (CPLR 5222-a [c] [5]). "Failure of the judgment debtor to deliver the executed exemption claim form does not constitute a waiver of any right to an exemption" (*id.*).

The Supreme Court erroneously determined that Warren did not serve his completed exemption claim forms by first-class mail, as Warren established that they were served by first-class mail, with additional certified mail service. In addition, although the affidavits of service, which were signed outside of New York State, were not accompanied by a certificate authenticating the authority of the notary who administered the oath (*see* CPLR 2309 [c]), this omission was not a fatal defect (*see* CPLR 2001; *Smith v Allstate Ins. Co.*, 38 AD3d 522, 523 [2007]).

However, Warren failed to submit evidence establishing the date postmarked on the correspondence from Chase which contained the notice and exemption claim forms and, therefore, he failed to demonstrate that the completed exemption forms were served within 20 days, or received by Chase within 25 days, of the postmark date (*see* CPLR 5222-a [c] [1], [5]). Accordingly, the Supreme Court properly denied his motion to

vacate the restraining notice which restrained his bank account at Chase. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.