■ PEDRO GONZALEZ, Appellant, v PERKAN CONCRETE CORP. et al., Respondents. [955 NYS2d 65]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated

May 2, 2012, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241 (6).

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on alleged violations of Industrial Code (12 NYCRR) §§ 23-9.5 (g) and 23-9.2 (a), and substituting therefor provisions denying those branches of the defendants' motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence and violations of Labor Law § 200 insofar as asserted against the defendant Perkan Concrete Corp., and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

On November 14, 2007, the plaintiff was part of a crew of workers that was replacing a sidewalk in front of a New York City public school in Brooklyn. As the plaintiff leaned over to hammer a two-by-four piece of wood into a tree well so that cement for the new sidewalk could be poured around the tree well, a Bobcat excavating machine operated by one of his coworkers ran over his left foot. The plaintiff commenced this action against Perkan Concrete Corp. (hereinafter Perkan), the New York City School Construction Authority (hereinafter the SCA), the City of New York, and the New York City Department of Education to recover damages for the resulting injuries. Perkan had subcontracted with Manny P Concrete Co., Inc. (hereinafter Manny P), the plaintiff's employer, to perform the concrete work for the sidewalk. Subsequently, the defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted the motion in its entirety, and the plaintiff appeals from certain portions of the order.

Labor Law § 241 (6) "imposes a *nondelegable* duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998], quoting Labor Law § 241 [6]). To state a cause of action pursuant to Labor Law § 241 (6), a plaintiff must allege that the property owners violated a

regulation that sets forth a specific standard of conduct and not simply a recitation of common-law safety principles (*see St. Louis v Town of N. Elba,* 16 NY3d 411, 414 [2011]; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502 [1993]). Since this section imposes a nondelegable duty on owners, a plaintiff need not show that a defendant exercised supervision or control over the worksite in order to establish a right of recovery (*see St. Louis v Town of N. Elba,* 16 NY3d at 413; *Hossain v Kurzynowski,* 92 AD3d 722, 724 [2012]).

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on an alleged violation of Industrial Code (12 NYCRR) § 23-9.5 (g). The defendants failed to demonstrate, prima facie, that 12 NYCRR 23-9.5 (g), which requires "mobile power-operated excavating machines except for crawler mounted equipment" to be equipped with "an approved warning device so installed as to automatically sound a warning signal when such machine is backing," was inapplicable under the facts presented. Contrary to their contention, at the time of the accident, the Bobcat was being used as an excavating machine for excavating work within the meaning of Industrial Code (12 NYCRR) § 23-1.4 (b) (18) and (19). Moreover, the defendants failed to demonstrate, prima facie, that the Bobcat was equipped with the requisite device or that the Bobcat was not backing up when the accident occurred. Since the defendants failed to make a prima facie showing, that branch of the motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on an alleged violation of 12 NYCRR 23-9.5 (g) should have been denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on an alleged violation of Industrial Code (12 NYCRR) § 23-9.4 (h) (4), which governs "[p]ower shovels and backhoes used for material handling" and provides that "[u]nauthorized persons shall not be permitted in the cab or immediately adjacent to any such equipment in operation." The defendants demonstrated, prima facie, that 12 NYCRR 23-9.4 (h) (4) was not violated since, as a member of the work crew replacing the sidewalk, the plaintiff was not an unauthorized person within the meaning of the provision (*see Ferreira v City of New York,* 85 AD3d 1103, 1105 [2011]; *Carroll v County of*

*Erie*, 48 AD3d 1076, 1078 [2008]; *Mingle v Barone Dev. Corp.*, 283 AD2d 1028, 1029 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on an alleged violation of Industrial Code (12 NYCRR) § 23-9.2 (a), which sets forth, among other things, that "[u]pon discovery, any structural defect or unsafe condition in [power-operated] equipment shall be corrected by necessary repairs or replacement." Although the plaintiff failed to identify 12 NYCRR 23-9.2 in his complaint or bill of particulars, that omission is not fatal to his claim (*see Jara v New York Racing Assn., Inc.*, 85 AD3d 1121, 1124 [2011]; *D'Elia v City of New York*, 81 AD3d 682, 684 [2011]; *Galarraga v City of New York*, 54 AD3d 308, 310 [2008]). In asserting 12 NYCRR 23-9.2 (a) in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law on this branch of their motion, the plaintiff raised a triable issue of fact as to whether the defendants were liable under Labor Law § 241 (6) based on a violation of that provision (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146-147 [2012]; *Salsinha v Malcolm Pirnie, Inc.*, 76 AD3d 411, 411-412 [2010]; *Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005-1006 [2009]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action pursuant to Labor Law § 241 (6) as was based on an alleged violation of Industrial Code (12 NYCRR) § 23-9.2 (b) (1). Contrary to the plaintiff's contention, the provision is "merely a general safety standard that does not give rise to a nondelegable duty under the statute" (*Hricus v Aurora Contrs., Inc.*, 63 AD3d at 1005; *see Scott v Westmore Fuel Co., Inc.*, 96 AD3d 520, 521 [2012]; *Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1285 [2007], *affd* 10 NY3d 902 [2008]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence and violations of Labor Law § 200 insofar as asserted against the SCA. "Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Martinez v City of New York*, 73 AD3d 993, 997 [2010], citing *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]). "Where . . . a claim arises out of the means and methods of the work, a [defendant] may be held liable for common-law negligence or a violation of Labor

Law § 200 only if he or she had 'the authority to supervise or control the performance of the work' " (*Forssell v Lerner*, 101 AD3d 807, 808 [2012], quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62). "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (*Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2010] [internal quotation marks omitted]; *see Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 832 [2012]; *Harrison v State of New York*, 88 AD3d 951, 954 [2011]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]).

Here, the SCA demonstrated, prima facie, that it did not have the authority to supervise or control the work being performed by Manny P's employees and that its authority over their work was "limited only to ensuring compliance with safety regulations and contract specifications," which is insufficient to impose liability under Labor Law § 200 (*Austin v Consolidated Edison, Inc.*, 79 AD3d at 684). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court erred in granting that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence and violations of Labor Law § 200 insofar as asserted against Perkan. Under Labor Law § 200, when a defendant lends allegedly dangerous or defective equipment to a worker that causes injury during its use, that defendant, in moving for summary judgment, must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition (*see Navarro v City of New York*, 75 AD3d 590, 591-592 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2008]; *Wein v Amato Props., LLC*, 30 AD3d 506, 507-508 [2006]). Perkan failed to demonstrate, prima facie, that it did not create a dangerous condition by providing Manny P with a Bobcat that was not equipped with a working backup alarm or that it lacked actual or constructive notice that the Bobcat was not so equipped (*see Navarro v City of New York*, 75 AD3d at 592). In light of Perkan's failure to make the requisite showing, the sufficiency of the plaintiff's papers in opposition in this regard need not be

considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Moreover, in response to Perkan's prima facie showing that it did not supervise or control the subject work, the plaintiff raised a triable issue of fact as to whether Perkan could be held liable, under a theory of negligent bailment, on the ground that the Bobcat it provided to Manny P was not safe for its intended use because it lacked a working backup alarm (*see Beazer v New York City Health & Hosps. Corp.*, 76 AD3d 405, 405 [2010], *affd* 18 NY3d 833 [2011]; *Fili v Matson Motors*, 183 AD2d 324, 328-329 [1992]; *Ruggiero v Braun & Sons*, 141 AD2d 528, 529 [1988]; *Dufur v Lavin*, 101 AD2d 319, 324-325 [1984]; *Snyder v Kramer*, 94 AD2d 860 [1983], *affd* 61 NY2d 961 [1984]).

Finally, although the affidavits of the defendants' expert, which were notarized outside of New York, were not accompanied by certificates authenticating the authority of the notaries who administered the oaths (*see* CPLR 2309 [c]), this omission was not a fatal defect (*see* CPLR 2001; *Matter of Recovery of Judgment, LLC v Warren*, 91 AD3d 656, 657 [2012]; *Betz v Daniel Conti, Inc.*, 69 AD3d 545, 545 [2010]; *Smith v Allstate Ins. Co.*, 38 AD3d 522, 523 [2007]). Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.