■ JOAQUIM TORRES et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. (And a Third-Party Action.) [7 NYS3d 539]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated May 13, 2013, as granted that branch of the motion of the defendants City of New York and City of New York Department of Design and Construction, and that branch of the cross motion of the defendant Caterpillar, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied their separate cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6), asserted

against the defendants City of New York and City of New York Department of Design and Construction.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants City of New York and City of New York Department of Design and Construction which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6), which was asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendants City of New York and New York City Department of Design and Construction, and one bill of costs to the defendant Caterpillar, Inc., payable by the plaintiffs.

The instant action arises out of an accident that occurred during the course of a project undertaken by the defendants City of New York and City of New York Department of Design and Construction (hereinafter together the city defendants) to install sewers along Jansen Street on Staten Island. The injured plaintiff, Joaquim Torres (hereinafter the injured plaintiff), was an employee of the third-party defendant Northeast Construction, Inc. (hereinafter Northeast), which had been retained by the city defendants to perform the work on the project. At the time of the accident, the injured plaintiff, as a member of the excavation crew, was working about 10 feet below grade level, and within the confines of a steel trench box, employing hand signals to direct the operator of a piece of earth-moving equipment known commonly as an excavator, which was manufactured by the defendant Caterpillar, Inc. (hereinafter Caterpillar), in maneuvering the bucket of the excavator. As the injured plaintiff was signaling the operator of the excavator, his right hand was crushed against the inside of the steel trench box by the bucket of the excavator.

The injured plaintiff, and his wife suing derivatively, commenced the instant action against the city defendants, alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241 (6). The plaintiffs also joined Caterpillar as a party defendant, asserting products liability causes of action against it, including a cause of action alleging failure to warn of the foreseeable dangers of using the excavator.

Following the completion of discovery, the city defendants moved, and Caterpillar cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiffs separately cross-moved against the city defendants for summary judgment on the issue of liability

on the cause of action alleging a violation of Labor Law § 241 (6), arguing that the injured plaintiff had been permitted to work within inches of the excavator in violation of 12 NYCRR 23-4.2 (k), which provides, in relevant part, that "[p]ersons shall not be . . . permitted to work in any area where they may be struck . . . by any excavation equipment." The plaintiffs submitted the affidavit of an expert, who opined that the practice employed in the instant dispute was unsafe, and violated 12 NYCRR 23-4.2 (k). In the order appealed from, the Supreme Court granted the city defendants' motion and Caterpillar's cross motion, and denied the plaintiffs' separate cross motion.

Labor Law § 200 is a codification of the common-law duty to exercise due care in providing a safe place to work (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 428 [1996]). Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed (*see Ortega v Puccia*, 57 AD3d 54, 61 [2008]).

The instant case did not involve a dangerous or defective premises condition. "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the 'authority to exercise supervision and control over the work' " (*Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010], quoting *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]; *see Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 204-205 [2007]). However, " '[t]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence' " (*Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 608 [2013], quoting *Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2010]; *see Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 958 [2013]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]).

Here, the city defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action, asserted against them, by demonstrating that they did not have the authority to control, direct, or supervise the method or manner in which the work was performed. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Torres v Perry St. Dev. Corp.*, 104 AD3d 672 [2013]; *Gasques v State of*

*New York*, 59 AD3d 666 [2009], *affd* 15 NY3d 869 [2010]). Accordingly, those branches of the city defendants' motion which were for summary judgment dismissing the causes of action sounding in common-law negligence and violation of Labor Law § 200 were properly granted.

Further, since the instant case did not involve a gravity- or elevation-related hazard, the city defendants established, prima facie, that they were not liable to the plaintiffs pursuant to Labor Law § 240 (1) (*see Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 97 [2015]; *Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]). Since the plaintiffs failed to raise a triable issue of fact in opposition to that showing, the Supreme Court properly granted that branch of the city defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.

Labor Law § 241 (6) imposes a nondelegable duty on owners, contractors, and their agents to provide a safe workplace to workers, and applies to "all areas in which construction, excavation or demolition work is being performed." Pursuant to that duty, owners, contractors, and their agents must comply with those provisions of the Industrial Code that set forth specific requirements or standards (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]). The city defendants contend that, since the injured plaintiff was a member of the "excavating crew," as that term is employed in 12 NYCRR 23-9.5 (c), he was authorized to be within range of the moving excavator bucket (*see Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955 [2013]; *Mingle v Barone Dev. Corp.*, 283 AD2d 1028 [2001]), and they submitted an expert's affidavit in support of that contention. However, a person authorized pursuant to 12 NYCRR 23-9.5 to operate or be within the range of an excavator's bucket may, contrary to the city defendants' contention, still claim the protections provided by 12 NYCRR 23-4.2 (k) (*see Ferreira v City of New York*, 85 AD3d 1103 [2011]). In opposition to the city defendants' showing, the plaintiffs, based upon their own expert's affidavit, raised a triable issue of fact as to whether the city defendants violated 12 NYCRR 23-4.2 (k). Accordingly, the Supreme Court should have denied that branch of the city defendants' motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6). However, the plaintiffs' cross motion for summary judgment on that cause of action was properly denied, since their submissions revealed the existence of triable issues of fact, based upon the conflicting experts' affidavits,

and the injured plaintiff did not demonstrate, prima facie, that he was free from comparative fault (*see Ascencio v Briarcrest at Macy Manor, LLC*, 60 AD3d 606, 607 [2009]).

The Supreme Court properly granted that branch of Caterpillar's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. A manufacturer may be held liable for the failure to warn of the foreseeable risks and dangers involved in the use of its product (*see Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *Nagel v Brothers Intl. Food, Inc.*, 34 AD3d 545 [2006]; *Haight v Banner Metals*, 300 AD2d 356 [2002]). Although the adequacy of a warning is usually a question of fact, " 'in a proper case the court can decide as a matter of law that there is no duty to warn or that the duty has been discharged as a matter of law' " (*see Schiller v National Presto Indus.*, 225 AD2d 1053, 1054 [1996], quoting *Alessandrini v Weyerhauser Co.*, 207 AD2d 996, 996 [1994]). There is no duty to warn of an open and obvious danger of which the product user is aware or should be aware as a result of ordinary observation or as a matter of common sense (*see Liriano v Hobart Corp.*, 92 NY2d at 241-242; *Fitzgerald v Federal Signal Corp.*, 63 AD3d 994 [2009]; *O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513 [2007]). Here, Caterpillar established its prima facie entitlement to judgment as a matter of law by the submission of a transcript of the injured plaintiff's deposition testimony, which established that he was experienced in all phases of pipe-laying work, including working in a trench and working in proximity to an excavator. Further, the injured plaintiff acknowledged that he had not read all warnings provided by Caterpillar in connection with the excavator, and the operator of the excavator acknowledged that, at the time of the accident, the operator was unable to read English. Accordingly, Caterpillar established, prima facie, that the alleged failure to warn was not a proximate cause of the accident (*see Mussara v Mega Funworks, Inc.*, 100 AD3d 185, 191 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.