■ EVANDRO CUNHA, Respondent, v CROSSROADS II et al., Appellants. [15 NYS3d 153]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated June 18, 2014, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was based upon 12 NYCRR 23-4.2 (k); 23-9.4 (h) (4), (5) and 23-9.5 (c).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was based upon 12 NYCRR 23-9.4 (h) (5) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a laborer employed by nonparty Three D Commercial Services Corporation, was injured while working at a construction site owned by the defendants when an excavator rolled over his legs. Just before the accident, the excavator's operator had been using the excavator to remove stone and chunks of concrete from a pile of dirt. The plaintiff was standing in between the excavator and a loader, and was signaling to the operator of the loader to dump water out of its bucket. The loader allegedly moved forward and caused the plaintiff to jump backward and into the path of the excavator, which had begun traveling in reverse. The plaintiff subsequently commenced this action to recover damages for personal injuries, and asserted, inter alia, a cause of action alleging a violation of Labor Law § 241 (6) based upon the defendants' alleged failure to comply with several Industrial Code provisions. After depositions had been conducted, the defendants moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it was based upon 12 NYCRR 23-4.2 (k); 23-9.4 (h) (4), (5) and 23-9.5 (c). The Supreme Court denied that branch of the defendants' motion. We modify.

The defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as it was based upon 12 NYCRR 23-4.2 (k). That section provides that "[p]ersons shall not be suffered or permitted to work in any area where they

may be struck or endangered by any excavation equipment or by any material being dislodged by or falling from such equipment." Contrary to the defendants' contention, 12 NYCRR 23-4.2 (k) provides a sufficient predicate for a Labor Law § 241 (6) cause of action (*see Torres v City of New York*, 127 AD3d 1163, 1166 [2015]; *Ferreira v City of New York*, 85 AD3d 1103, 1105 [2011]; *Garcia v Silver Oak USA*, 298 AD2d 555, 555 [2002]). Further, 12 NYCRR 23-4.2 (k) does not require excavation work to be underway at the time of the accident, and there is no exception under 12 NYCRR 23-4.2 (k) for when the injured worker was part of the same work crew as the operator of the excavator (*see Torres v City of New York*, 127 AD3d at 1166; *Ferreira v City of New York*, 85 AD3d at 1105-1106).

The defendants also failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as it was based upon 12 NYCRR 23-9.4 (h) (4), which provides that "[u]nauthorized persons shall not be permitted in the cab or immediately adjacent to any such equipment operation." With respect to the alleged violation of this section, the plaintiff alleged that, although he was authorized to be at the work site generally, he was not assigned any tasks with respect to the loader. In support of their motion, the defendants contended that the plaintiff was authorized to be immediately adjacent to the equipment based on evidence that the plaintiff was signaling to the operator of the loader at the work site when the accident occurred. However, the defendants failed to submit any evidence that the plaintiff's supervisor had authorized or directed him to give signals to the operator of the loader. Therefore, they failed to demonstrate prima facie that the plaintiff was not an "unauthorized person" immediately adjacent to the equipment (*Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 957 [2013]; *cf. Ferreira v City of New York*, 85 AD3d at 1105; *Robinson v County of Nassau*, 84 AD3d 919, 919 [2011]; *Mingle v Barone Dev. Corp.*, 283 AD2d 1028, 1029 [2001]).

The defendants further failed to establish their entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as it was based upon 12 NYCRR 23-9.5 (c). This section provides that "[e]xcavating machines shall be operated only by designated persons," and that "[n]o person other than the pitman and excavating crew shall be permitted to stand within range of the back of a power shovel or within range of the swing of the dipper bucket while the shovel is in operation." Contrary to the defendants' contention, 12 NYCRR 23-9.5 (c) sets forth a specific, rather than general,

safety standard, and is sufficient to support a Labor Law § 241 (6) cause of action (*see Abreo v URS Greiner Woodward Clyde*, 60 AD3d 878, 880 [2009]; *but see Gonzalez v Perkan Concrete Corp.*, 110 AD3d at 958; *Wilke v Communications Constr. Group*, 274 AD2d 473, 474 [2000]). Further, the defendants presented no evidence that the loader operator was a "designated person" within the meaning of the Industrial Code because the evidence does not demonstrate that the operator was "selected and directed" by his employer to operate the loader (12 NYCRR 23-1.4 [b] [17]). Moreover, for the same reasons that the defendants failed to present sufficient evidence demonstrating that the plaintiff was not an "unauthorized person," the defendants failed to present sufficient evidence demonstrating that the plaintiff was part of an "excavating crew" (12 NYCRR 23-9.5 [c]).

Since the defendants failed to make out a prima facie showing on those branches of their motion, the Supreme Court properly denied those branches of the motion without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as it was based upon 12 NYCRR 23-9.4 (h) (5) by demonstrating that the excavator was not "[c]arrying or swinging suspended loads over areas where persons [were] working or passing" at the time of the accident (*see* 12 NYCRR 23-9.4 [h] [5]; *cf. Mohamed v City of Watervliet*, 106 AD3d 1244, 1247 [2013]; *Vicari v Triangle Plaza II, LLC*, 16 AD3d 672, 673 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it was based upon 12 NYCRR 23-9.4 (h) (5).

The defendants' remaining contentions are without merit. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur. ■