In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Livote, J.), dated September 21, 2016, which granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff alleges that she was drinking a cocktail at the defendants’ restaurant when she bit into an olive and fractured her tooth on the pit. After depositions had been conducted, the defendants moved for summary judgment, contending that they could not be held liable under the reasonable expectation doctrine because the plaintiff should have reasonably anticipated the presence of a pit inside a whole olive. The Supreme Court granted the defendants’ motion, and the plaintiff appeals.
 

 “The ‘reasonable expectation’ doctrine, as applied to an action to recover damages for common-law negligence, requires a restaurant owner to use ordinary care to remove from the food as served, such harmful substances as the consumer would not ordinarily anticipate” (Vitiello v Captain Bill’s Rest., 191 AD2d 429, 429 [1993]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the presence of a pit inside a whole olive is not a harmful substance that a consumer would not ordinarily anticipate (see Amiano v Greenwich Vil. Fish Co., Inc., 151 AD3d 484 [2017]; Vitiello v Captain Bill’s Rest., 191 AD2d 429 [1993]; Kaplan v American Multi-Cinema, Inc., 21 Misc 3d 1103[A], 2008 NY Slip Op 51940[U] [Civ Ct, NY County 2008]), and that they had no duty to warn that the olive was not pitted (see generally Torres v City of New York, 127 AD3d 1163, 1167 [2015]; Porrazzo v Bumble Bee Foods, LLC, 822 F Supp 2d 406, 418 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.