Longevity Med. Supply, Inc. v MVAIC (2021 NY Slip Op 50440(U))

[*1]

Longevity Med. Supply, Inc. v MVAIC

2021 NY Slip Op 50440(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-451 K C

Longevity Medical Supply, Inc., as
Assignee of Alexis, Evens, Appellant,
against
MVAIC, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Marshall & Marshall, PLLC (Jeffrey Kadushin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered February 5, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by denying the branch of defendant's motion seeking
summary judgment dismissing the second through fifth causes of action; as so modified, the
order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court granting a motion by defendant Motor Vehicle Accident
Indemnification Corporation (sued herein as MVAIC) for summary judgment dismissing the
complaint and denying plaintiff's cross motion for summary judgment.
With respect to the branch of defendant's motion seeking summary judgment dismissing the
second through fifth causes of action, the affidavit of defendant's claims representative
established that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]) its denial of claim forms denying the claims set forth within those
causes of action on the ground that they had been submitted more than 45 days after those
services had been rendered (see 11 NYCRR 65-2.4 [c]). The denial of claim forms further
advised plaintiff that late notice would be excused if reasonable justification for plaintiff's failure
to give timely notice was provided (see id.). As defendant established its prima facie
entitlement to judgment as a matter of law upon those causes of action (see TAM Med. Supply Corp. v [*2]Fiduciary Ins. Co. of Am., 53 Misc 3d 129[A], 2016 NY
Slip Op 51352[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), the burden
shifted to plaintiff to demonstrate a triable issue of fact. The affidavit submitted by plaintiff in
opposition to defendant's motion was sufficient to give rise to a presumption that those claim
forms had been timely mailed to defendant (see Compas Med., P.C. v Praetorian Ins. Co., 49 Misc 3d 152[A],
2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In light
of the foregoing, there is a triable issue of fact as to whether plaintiff timely submitted the claims
which are the subject of the second through fifth causes of action.
With respect to the first cause of action, contrary to plaintiff's sole argument to defeat that
branch of defendant's motion, defendant was not required to annex to its motion papers copies of
the medical records which were reviewed by defendant's peer reviewer (see Ortho-Med Surgical Supply, Inc. v
Progressive Cas. Ins. Co., 34 Misc 3d 145[A], 2012 NY Slip Op 50149[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2012]). As to the sixth cause of action, plaintiff's
contention that the affidavit it submitted was sufficient to raise a triable issue of fact lacks
merit.
Accordingly, the order is modified by denying the branch of defendant's motion seeking
summary judgment dismissing the second through fifth causes of action.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021