Greenway Med. Supply Corp. v Dollar Rent A Car (2021 NY Slip Op
50439(U))

[*1]

Greenway Med. Supply Corp. v Dollar Rent A Car

2021 NY Slip Op 50439(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-387 K C

Greenway Medical Supply Corp., as
Assignee of Richards Mark, Respondent,
against
Dollar Rent A Car, Appellant. 

Rubin, Fiorella, Friedman & Mercante, LLP (Deena Khalifa of counsel), for appellant.
The Rybak Firm, PLLC (Richard Rozhik of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered February 8, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is reversed, with $30 costs, defendant's motion for summary
judgment dismissing the complaint is granted and plaintiff's cross motion for summary judgment
is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying its motion for summary judgment dismissing
the complaint and granting plaintiff's cross motion for summary judgment.
In support of its motion, defendant submitted an affidavit from its third-party claims
examiner which was sufficient to establish, prima facie, defendant's lack of coverage defense (see New Way Med. Supply Corp. v Dollar
Rent A Car, 49 Misc 3d 154[A], 2015 NY Slip Op 51794[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2015]). To the extent the claims examiner's affidavit, which was
notarized outside the State of New York, failed to conform to the requirements set forth in CPLR
2309 (c) and Real Property Law § 299-a regarding the submission of a certificate of
conformity, the absence of a certificate of conformity is not a fatal defect (see Fuller v Nesbitt, 116 AD3d
999 [2014]; Fredette v Town of
Southampton, 95 AD3d 940 [2012]; see also Gonzalez v Perkan Concrete Corp., 110 AD3d 955 [2013];
Smith v Allstate Ins. Co., 38 AD3d
522 [2007]; Active Chiropractic, P.C. v Praetorian Ins. Co., 43 Misc 3d [*2]134[A], 2014 NY Slip Op 50634[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2014]), as the defect may be disregarded pursuant to CPLR 2001 where a
substantial right of a party is not prejudiced (see Midfirst Bank v Agho, 121 AD3d 343 [2014]; Rivers v Birnbaum, 102 AD3d 26
[2012]). In the present case, plaintiff failed to make any showing of prejudice. In opposition to
defendant's prima facie showing, plaintiff failed to demonstrate the existence of a triable issue of
fact.
Accordingly, the order is reversed, defendant's motion for summary judgment dismissing the
complaint is granted and plaintiff's cross motion for summary judgment is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021