■ EUGENIO GARCIA et al., Respondents, v SILVER OAK USA, LTD., et al., Appellants, et al., Defendant. [748 NYS2d 674] —In an action to recover damages for personal injuries, etc., the defendants Silver Oak USA, Ltd., and Phillip Farinacci appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated October 23, 2001, as denied those branches of the motion of the defendant Silver Oak USA, Ltd., which were for summary judgment dismissing the plaintiffs' causes of action insofar as asserted against it based on common-law negligence, and Labor Law § 200, and so much of its complaint as is based on Labor Law § 241 (6) as is premised on 12 NYCRR 23-4.2.

Ordered that the appeal by Phillip Farinacci is dismissed, without costs or disbursements, as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Silver Oak USA, Ltd.; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The injured plaintiff, while engaged in the construction of a retaining wall, suffered an injury to his left leg when he was struck by a rock which fell down the hillside. He commenced this action against Silver Oak USA, Ltd. (hereinafter Silver Oak), among other defendants, and asserted causes of action based on common-law negligence and violations of Labor Law §§ 200, 240, and § 241 (6). The Supreme Court granted Silver Oak's motion for summary judgment to the extent of dismissing claims based on Labor Law §§ 240 and 241 (6), except insofar as the latter claim is based on alleged violations of the Industrial Code contained in 12 NYCRR 23-4.2. Silver Oak appeals from so much of the order as denied those branches of its motion as were addressed to the causes of action based on the common law, Labor Law § 200, and so much of Labor Law § 241 (6) as is premised on 12 NYCRR 23-4.2.

We agree with Silver Oak that 12 NYCRR 23-4.2 (g) is inapplicable to this case, because the work site where the injury occurred was not an excavation or trench as defined in that provision of the Industrial Code (*see Magnuson v Syosset Community Hosp.,* 283 AD2d 404). However, we nonetheless find that 12 NYCRR 23-4.2 (k) does provide a predicate for the imposition of liability pursuant to Labor Law § 241 (6) (*see Elezaj v Carlin Constr. Co.,* 225 AD2d 441, *affd* 89 NY2d 992). We also find that there are issues of fact precluding summary judgment in favor of Silver Oak with respect to the plaintiffs' claims based on common-law negligence and Labor Law § 200

(*see Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709; *Sprague v Peckham Materials Corp.,* 240 AD2d 392). Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur. [As amended by unpublished order entered Dec. 5, 2002.]