■ Stephen F. Millard et al., Respondents, v City of Ogdensburg, Appellant. [751 NYS2d 901] —Appeal from an order of Supreme Court, Lewis County (Parker, J.), entered January

15, 2002, which denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the Labor Law § 241 (6) cause of action is dismissed.

Memorandum: Plaintiffs commenced this Labor Law action seeking damages for injuries sustained by plaintiff Stephen F. Millard when a bulldozer backed over him. Plaintiffs allege a violation of 12 NYCRR 23-9.5 (g) to support the Labor Law § 241 (6) cause of action. That regulation requires excavating machines "except for crawler mounted equipment" to sound a warning signal when backing up. On a prior appeal, we determined that "[w]hether the bulldozer * * * was crawler mounted is a question of law for [Supreme Court] to resolve," and we remitted the matter to that court to determine the interpretation of that regulation and whether that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action should be granted (*Millard v City of Ogdensburg,* 274 AD2d 953, 954). We noted that "[b]ecause 'crawler mounted equipment' is not defined in the Industrial Code, the court may take evidence on the meaning of that phrase prior to making its determination" (*id.*). Upon remittal, the court held a hearing and heard testimony from witnesses on behalf of both plaintiffs and defendant.

The court erred in denying that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action. Defendant established that "crawler mounted equipment" means equipment, such as the bulldozer in this case, that is mounted on crawlers as opposed to wheels. Plaintiffs' witnesses testified that it is common or at least desirable in the industry for bulldozers that must move during excavation, such as the one in this case, to be equipped with alarms that sound a warning signal when the bulldozer is backing up. That testimony is insufficient to support the conclusion that "crawler mounted equipment" should be interpreted as something other than its plain meaning. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.