In the Matter of the Estate of ELEANOR E. GOLIGER, Deceased. DAVID GOLIGER, as Executor of ELEANOR E. GOLIGER, Deceased, Respondent; DONNA M. GOLIGER, as Former Executor of ELEANOR E. GOLIGER, Deceased, Appellant. [899 NYS2d 360]—

In a probate proceeding in which David Goliger, the executor of the estate, petitioned pursuant to SCPA 2205 to compel an accounting, Donna M. Goliger, the former executor of the estate, appeals from (1) an order of the Surrogate's Court, Nassau County (Riordan, S.), dated June 3, 2008, which denied her motion, inter alia, for a credit for payments allegedly made by her from personal funds for accounting and legal services rendered on behalf of the estate and to vacate or reduce a surcharge in the sum of $26,166 imposed for the late payment of estate taxes

by an order of the same court dated February 1, 2007, made after a nonjury trial, and (2) an order of the same court dated March 27, 2009, which denied her motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue.

Ordered that the appeal from the order dated March 27, 2009, is dismissed; and it is further,

Ordered that the order dated June 3, 2008 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent payable by the appellant personally.

The decedent, Eleanor E. Goliger, died in 2002, and was survived by her daughter, Donna M. Goliger (hereinafter the appellant), and her son, David Goliger, the current executor of the estate (hereinafter the respondent). The respondent petitioned pursuant to SCPA 2205 to compel the appellant to account, and the appellant rendered her account in June 2003.

During a three-day trial on the respondent's objections to the appellant's account, the parties resolved various issues in a stipulation of settlement (hereinafter the stipulation), which set forth, inter alia, certain charges to be repaid by the appellant, and provided that the Surrogate's Court would determine the remaining issues.

The remaining issues were determined after trial by order dated February 1, 2007 (hereinafter the February 2007 order). The February 2007 order fixed the reasonable fees of the former attorney and former accountant for the estate in the respective sums of $25,000 and $10,000. In that order, the Surrogate's Court further determined that the appellant lacked a reasonable excuse for failing to make timely payment of the federal and state estate taxes, and imposed a surcharge upon the appellant in the sum of $26,166 for penalties, interest, and unpaid taxes (hereinafter the surcharge). The February 2007 order also determined that the appellant "may make claim as to such funds as were expended by her on behalf of the Estate upon the furnishing of adequate proof."

The appellant moved, inter alia, for a credit representing payments allegedly made by her from personal funds for accounting and legal services rendered on behalf of the estate and to vacate or reduce the surcharge. The Surrogate's Court denied the motion in the order dated June 3, 2008.

The appellant's subsequent motion, denominated as one for leave to renew her prior motion, was denied in the order dated March 27, 2009.

Contrary to the appellant's contention, in the absence of competent proof that she paid the estate's former accountant and attorney with personal funds, she is not entitled to a credit for the alleged payments. "The burden of proving a claim of an executor for expenses of administration rests upon [the executor] and [the executor] must show that it was of the value charged" (*Matter of Shulsky*, 34 AD2d 545, 548 [1970]; *cf. Vinlis Constr. Co. v Roreck*, 30 AD2d 668 [1968], *mod on other grounds* 27 NY2d 687 [1970]).

The surcharge was properly imposed, as it reflects the exact amounts which the federal and state tax authorities charged the estate for penalties, interest, and unpaid taxes (*cf. Matter of Schaich*, 55 AD2d 914, 915 [1977]).

The appeal from the order dated March 27, 2009, must be dismissed. The appellant's motion, denominated as one for leave to renew, was, in actuality, one for leave to reargue, because it was not based upon new facts and was based on the appellant's assertion that the court misapprehended the facts (*see* CPLR 2221 [d] [2]; [e] [2]; *Dess v LRM Bldrs., LLC*, 56 AD3d 716 [2008]). An order denying a motion for leave to reargue is not appealable (*see Somma v Richardt*, 52 AD3d 813 [2008]; *Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660 [1996]; *Paulus v Kuchler*, 214 AD2d 608 [1995]).

The appellant's remaining contentions are without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.