■ CHARLES McCOY, Respondent, et al., Plaintiff, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendants. [904 NYS2d 50]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about September 22, 2009, which, after a framed-issue hearing, held that the subject piece of equipment

that injured plaintiff Charles McCoy was a mobile crane within the meaning of Industrial Code (12 NYCRR) § 23-8.2, unanimously affirmed, without costs. Appeal from order, same court (Michael D. Stallman, J.), entered January 22, 2010, which denied defendants' motion, pursuant to CPLR 2221 (a), to vacate or modify the September 22, 2009 order, unanimously dismissed, without costs, as taken from a nonappealable paper.

The court correctly held, based on the evidence adduced at the framed-issue hearing, that the subject equipment was a mobile crane for purposes of the Industrial Code regulations governing the safe operation of mobile cranes, considering the manner in which the equipment was being used at the time of plaintiff's injury. The term "mobile crane" is undefined in the Industrial Code, and plaintiff's expert witnesses provided persuasive testimony that the Gradall was functioning as a mobile crane at the time of plaintiff's accident, and that the Industrial Code provisions governing mobile cranes could sensibly be applied to the Gradall in light of the manner it was being used at the time (see *Giordano v Forest City Ratner Cos.*, 43 AD3d 1106, 1108 [2007]; *Millard v City of Ogdensburg*, 300 AD2d 1088, 1089 [2002], *lv denied* 303 AD2d 1060 [2003]). Defendants' expert testimony, in contrast, was unpersuasive and merely demonstrated that the Gradall was manufactured, tested, and sold in conformity with industry safety standards applicable to manufacturers governing rough terrain forklift trucks and lacked certain characteristics essential to a particular subset of mobile cranes, but ignored that there are several categories of mobile cranes not all of which possess these characteristics, that the Gradall is a multipurpose machine capable of functioning as both a forklift and a mobile crane depending on the type of attachment being used, and that the Industrial Code was enacted before multipurpose machines such as the Gradall were developed and therefore such machines were not within the contemplation of the drafters.

Furthermore, to interpret the Industrial Code provisions governing mobile cranes as applicable to the Gradall at issue here is entirely consistent with the statutory and regulatory purposes behind Labor Law § 241 (6) and the Industrial Code—to protect construction workers against hazards in the workplace—and whether a regulation applies will depend on how and for what purpose the equipment is used, not on its label or name (see *Copp v City of Elmira*, 31 AD3d 899, 900 [2006]; *see e.g. Borowicz v International Paper Co.*, 245 AD2d 682, 683-684 [1997]; *Smith v Hovnanian Co.*, 218 AD2d 68, 71-72 [1995]).

Defendants' motion pursuant to CPLR 2221 (a) to vacate or modify the September 22, 2009 order was in actuality a motion to reargue, the denial of which is not appealable (*see Matter of Goliger*, 72 AD3d 966 [2010]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ. **[Prior Case History: 26 Misc 3d 286.]**