PRIME INCOME ASSET MANAGEMENT, INC., et al., Appellants, v AMERICAN REAL ESTATE HOLDINGS L.P. et al., Respondents. (And a Third-Party Action.) [918 NYS2d 467]—

Supreme Court properly determined that plaintiffs failed to

raise an issue of fact regarding defendants' alleged waiver of their entitlement to the liquidated damages set forth in section 12 (b) of the contract. Even if, as plaintiffs contend, the letter dated June 15, 2005 could rise to the level of a waiver of defendants' contractual right to seek liquidated damages, or constitute a written amendment to the contract vitiating defendants' right to seek the liquidated damages, the satisfaction of the condition set forth in section 12 (b) (iii) occurred on April 18, 2005, two months earlier. Supreme Court and this Court have already determined that the contract terminated then, and, under the law of the case doctrine, this is a determination which cannot be revisited (41 AD3d 176 [2007], *lv dismissed* 10 NY3d 740 [2008]; *see People v Evans*, 94 NY2d 499, 502-504 [2000]).

In any event, the letter does not rise to the level of "affirmative conduct" evincing a waiver of defendants' right to seek liquidated damages under section 12 (b) of the contract because it specifically invokes an entirely different contractual provision—section 5 (b)—and never mentions section 12 (b) (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]). The letter cannot be construed as a "voluntary and intentional abandonment" of the contractual right to seek liquidated damages (*Matter of Lamberti v Angiolillo*, 73 AD3d 463, 463-464 [2010], *lv denied* 15 NY3d 711 [2010], quoting *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]).

Equally unavailing are plaintiffs' arguments that the letter constituted a written amendment to the contract thereby waiving defendants' entitlement to liquidated damages. Section 18 of the contract requires amendments to be in writing and to be consented to in writing. No such consent is alleged to have existed. Therefore, the letter cannot constitute a contractual amendment. Moreover, it is undisputed that the letter was sent via e-mail, and section 17 requires that any such notices or amendments be "either delivered personally or sent by a nationally recognized overnight courier service" to specified addresses.

Supreme Court also properly denied plaintiffs' motion to renew for three reasons. First, it was not based upon "new facts" and therefore was actually a motion to reargue, the denial of which is not appealable (CPLR 2221 [e] [2]; *see McCoy v Metropolitan Transp. Auth.*, 75 AD3d 428, 430 [2010]). Second, plaintiffs' purported "justification" for not presenting the motion court with the allegedly new facts was not "reasonable" pursuant to CPLR 2221 (e) (3). Plaintiffs are charged with the duty to "exercise[ ] due diligence in making their first factual presentation" on a motion, and their own failure to apprise the

motion court that they had received the deposits, which amounted to nearly one million dollars, well over two years earlier, was unjustified and unreasonable (*Sobin v Tylutki*, 59 AD3d 701, 702 [2009]; *see* CPLR 2221 [e] [3]). Third, even if the facts were deemed "new" and plaintiffs had presented a "reasonable justification" for not offering them, those facts would still not "change the prior determination" (CPLR 2221 [e] [2]).

We have considered appellants' other contentions and find them unpersuasive. Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.