■ ARTHUR F. TSAVARIS, Individually and as Cotrustee of the JOSEPHINE TSAVARIS IRREVOCABLE TRUST, Appellant, v FRANK G. TSAVARIS et al., Respondents. [940 NYS2d 869]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 7, 2011, which, to the extent appealable, denied plaintiff's motion for renewal of a prior motion to remove defendants from their positions as cotrustees of the Josephine Tsavaris Irrevocable Trust, unanimously affirmed, without costs. Appeal from the foregoing order, to the extent it denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

Plaintiff's claim that he did not know that the basement unit in the building owned by the trust had been rented, allegedly in violation of the trust agreement, does not constitute "reasonable justification" for his failure to present that fact on the prior motion, given his role as a fiduciary and his unfettered access to the building (*see* CPLR 2221 [e] [3]; *Henry v Peguero*, 72 AD3d 600, 602 [2010], *appeal dismissed* 15 NY3d 820 [2010]). In any event, the motion court correctly found that the "new" evidence would not have changed the prior determination. The act of renting the unit did not constitute a breach of loyalty to the trust (*see Matter of Duke*, 87 NY2d 465, 471-472, 475-476 [1996]).

The denial of a motion to reargue is not appealable (*Prime Income Asset Mgt., Inc. v American Real Estate Holdings L.P.*, 82 AD3d 550, 551 [2011], *lv denied* 17 NY3d 705 [2011]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ. [**Prior Case History: 2011 NY Slip Op 32626(U).**]