▪ LFR COLLECTIONS LLC, as Acquirer of the STILLWATER ASSET-BACKED FUND LP, Respondent, v BLAN LAW OFFICES et al., Appellants. [985 NYS2d 496]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 21, 2012, awarding plaintiff the total sum of $4,589,352.30, and bringing up for review an order, same court and Justice, entered March 29, 2012, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs. Order, same court and Justice, entered August 27, 2012, which, to the extent appealable, denied defendants' motion to renew, unanimously affirmed, without costs.

Plaintiff's motion for summary judgment in lieu of complaint was properly granted. With respect to the individual defendant, Kenneth W. Blan, he signed an unconditional guarantee in which he waived the right to interpose a defense. The guaranty also stated that it would not be affected by any invalidity or unenforceability of the underlying obligation of the borrower defendant Blan Law Offices (*see e.g. Citibank v Plapinger*, 66 NY2d 90 [1985]; *Red Tulip, LLC v Neiva*, 44 AD3d 204 [1st Dept 2007], *lv dismissed* 10 NY3d 741 [2008], *lv denied* 13 NY3d

709 [2009]). Although defendant law firm waived the right to interpose any setoff or counterclaim and not the right to assert defenses, its defenses fail to raise a triable issue of fact since they do not provide any excuse for the failure to pay on the note.

The motion court properly denied defendants' motion to renew. To the extent it was not based on "new facts," it was a motion to reargue, the denial of which is not appealable (*see* CPLR 2221 [e] [2]; *Prime Income Asset Mgt., Inc. v American Real Estate Holdings L.P.*, 82 AD3d 550, 551 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]), and defendants failed to provide any justification for failing to present the motion court with these facts which were available at the time the original motion was made. To the extent defendants submitted new evidence, albeit without a "reasonable justification" for not previously offering it, the facts submitted would not "change the prior determination" (*Prime Income Asset Mgt.*, 82 AD3d at 551).

Defendants also failed to explain why they did not previously argue that plaintiff improperly compounded the interest (*see Cuccia v City of New York*, 306 AD2d 2, 3 [1st Dept 2003]). Even if we were to consider the merits of this argument in the interest of justice (*see Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [1st Dept 2007]), plaintiff denied that it compounded the interest and explained its calculations in its opposition to the motion to renew and defendants did not submit a reply disputing plaintiff's calculations. Concur—Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.