■ GIUSEPPE ZAINO, Respondent, v JAMES N. ROGERS et al., Defendants, and THE LAUREL GROUP, INC., Appellant. [59 NYS3d 770]—

Appeal from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered November 20, 2015. The order, insofar as appealed from, denied that branch of the motion of the defendant The Laurel Group, Inc., which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant The Laurel Group, Inc., which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was premised upon violations of 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a) insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant The Laurel Group, Inc. (hereinafter the Laurel Group), was hired to remove and replace a residential driveway. The Laurel Group subcontracted the job to M&A Asphalt, Inc., which employed the plaintiff as a laborer. During the removal of the driveway, the plaintiff allegedly was struck by a crawler-mounted excavator that his supervisor was operating. The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). The plaintiff's Labor Law § 241 (6) cause of action was predicated on alleged violations of 12 NYCRR 23-1.5 (c) (3), 23-4.2 (k), and

23-9.2 (a). The Laurel Group moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, denied that branch of the Laurel Group's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it. The Laurel Group appeals.

"Labor Law § 241 (6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Perez v 286 Scholes St. Corp.*, 134 AD3d 1085, 1086 [2015] [internal quotation marks omitted]). "To establish liability under Labor Law § 241 (6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (*Aragona v State of New York*, 147 AD3d 808, 809 [2017]; *see Perez v 286 Scholes St. Corp.*, 134 AD3d at 1086; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851 [2006]). The predicate Industrial Code section must "set[ ] forth specific safety standards" (*Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009] [internal quotation marks omitted]; *see St. Louis v Town of N. Elba*, 16 NY3d 411, 414 [2011]).

The Laurel Group correctly contends that 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a) are not applicable in this case (*see Aragona v State of New York*, 147 AD3d at 809). Both of these regulations are general provisions requiring the repair of safety defects (*see* 12 NYCRR 23-1.5 [c] [3]; 23-9.2 [a]). However, a more specific provision of the Industrial Code, 12 NYCRR 23-9.5 (g), provides that the particular safety device at issue here, a back-up alarm, is not required on crawler-mounted excavators such as the one that was involved in the plaintiff's accident (*see* 12 NYCRR 23-9.5 [g]). This more specific provision overrides the general safety requirements set forth in 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a), which therefore do not apply in this case (*see People v Walker*, 81 NY2d 661, 664 [1993]; *Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160, 166 [1996]). In response to the Laurel Group's prima facie showing that the excavator involved in this case was crawler-mounted, such that 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a) do not apply, the plaintiff failed to raise a triable issue of fact. The plaintiff's expert's opinion that a back-up alarm was standard equipment on a crawler-mounted excavator was insufficient to raise a triable issue of fact in light of the language in 12 NYCRR 23-9.5 (g) expressly exempting crawler-mounted

excavators from the requirement of having a back-up alarm (*see Millard v City of Ogdensburg*, 300 AD2d 1088, 1089 [2002]). Accordingly, the Supreme Court should have granted that branch of the Laurel Group's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was premised upon violations of 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a) insofar as asserted against it.

However, the Supreme Court correctly denied that branch of the Laurel Group's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was premised upon an alleged violation of 12 NYCRR 23-4.2 (k) insofar as asserted against it. Contrary to the Laurel Group's contention, 12 NYCRR 23-4.2 (k) is sufficiently specific to support a Labor Law § 241 (6) cause of action (*see Cunha v Crossroads II*, 131 AD3d 440, 441 [2015]; *Ferreira v City of New York*, 85 AD3d 1103, 1105 [2011]; *Garcia v Silver Oak USA*, 298 AD2d 555, 555 [2002]). Moreover, the Laurel Group did not demonstrate, prima facie, that this provision was inapplicable to the facts of this case (*see Aragona v State of New York*, 147 AD3d at 809). The Laurel Group presented conflicting evidence as to whether the plaintiff was "suffered or permitted to work" near the excavator on the day of his accident, which was insufficient to demonstrate the absence of triable issues of fact (12 NYCRR 23-4.2 [k]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court correctly denied this branch of the Laurel Group's motion regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.