Moyal v Dewhurst (2019 NY Slip Op 07937)





Moyal v Dewhurst


2019 NY Slip Op 07937


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-08559
 (Index No. 605888/16)

[*1]Anita Moyal, respondent, 
v
Alfred J. Dewhurst, et al., defendants, Nicholas J. Mastrocinque, et al., appellants.


Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan and Ashley Cuneo of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Scott A. Kutcher of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Nicholas J. Mastrocinque and Michael Mastrocinque appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 25, 2018. The order denied their motion for leave to renew their prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, which had been denied in an order of the same court (Paul J. Baisley, Jr., J.) dated January 30, 2017.
ORDERED that the order dated June 25, 2018, is affirmed, with costs.
The plaintiff allegedly was a passenger in a vehicle operated by her husband, nonparty Harold Moyal (hereinafter the Moyal vehicle), when the Moyal vehicle became involved a chain-reaction accident involving four other vehicles, including a vehicle operated by the defendant Michael Mastrocinque and owned by the defendant Nicholas J. Mastrocinque (hereinafter the Mastrocinque vehicle). The plaintiff commenced this action against the owners/operators of the four other vehicles. After joinder of issue, and prior to the completion of discovery, Michael Mastrocinque and Nicholas J. Mastrocinque (hereinafter together the appellants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In support of their motion, the appellants submitted the affidavit of Michael Mastrocinque, in which he averred that the Mastrocinque vehicle was the first vehicle stopped at a red traffic light when it was struck in the rear by the Moyal vehicle. In opposition, the plaintiff and her husband both submitted affidavits stating, in relevant part, that the Moyal vehicle—not the Mastrocinque vehicle—was the first vehicle stopped at the traffic light. By order dated January 30, 2017, the Supreme Court denied the appellants' motion based on, among other things, the parties' conflicting versions of how the accident happened.
More than one year later, the appellants moved pursuant to CPLR 2221(e) for leave to renew their prior motion, arguing that new facts, in the form of deposition testimony from various party and nonparty witnesses, "remove[d] all material questions of fact as to how the accident occurred." The Supreme Court denied the motion on the ground that the alleged new evidence still contained "diametrically opposed testimony as to which vehicle was the lead car at the intersection prior to the accident" and, therefore, provided no grounds to alter the court's prior determination.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]).
Here, the Supreme Court providently exercised its discretion in determining that the alleged new facts offered by the appellants would not have changed the prior determination (see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852; NYCTL 1999-1 Trust v Surf Coney Is., Inc., 63 AD3d 1023).
To the extent the appellants contend that the Supreme Court, in its original determination denying summary judgment, misapprehended the relevance of the relative positions of the Mastrocinque and Moyal vehicles, such contention is not germane in the context of a motion for leave to renew (cf. Matter of Goliger, 72 AD3d 966, 968).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court