Magassouba v Purcigliotti (2019 NY Slip Op 08938)





Magassouba v Purcigliotti


2019 NY Slip Op 08938


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


100452/18 10556NA 10556N

[*1] Moustapha Magassouba, Plaintiff-Appellant,
v
Cascione, Purcigliotti, et al., Defendants-Respondents.


Moustapha Magassouba, appellant pro se.
Cascione, Purcigliotti & Galluzzi, P.C., New York (Kelly L. Murtha of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered December 14, 2018, which granted defendants' motion to dismiss the complaint, unanimously affirmed. Order, same court and Justice, entered April 4, 2019, to the extent it denied plaintiff's motion for leave to renew and, sub silentio, denied his leave to replead, unanimously affirmed, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
This action alleging legal malpractice was correctly dismissed because plaintiff could not show that, but for defendants' negligence, he would have prevailed in the underlying action alleging false arrest, wrongful imprisonment, and the deprivation of rights under 42 USC § 1983 (see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). Plaintiff could not have prevailed in that action because the dismissing court found that there was probable cause for his arrest, and probable cause is a complete defense to the claims plaintiff asserted (Marrero v City of New York, 33 AD3d 556, 557 [1st Dept 2006]; Brooks v Whiteford, 384 F Supp 3d 365, 371 [WD NY 2019]). Plaintiff's proposed amended malpractice complaint, which, in essence, restates the original allegations, does not rectify the deficiency.
Plaintiff's argument that defendants failed to timely file the underlying action is unavailing because, even timely, the action would have been dismissed on the substantive ground of probable cause. His argument that defendants filed the underlying action in the wrong courthouse is unavailing because the action was dismissed against the Allegheny County District Attorney on grounds of personal jurisdiction, not subject matter jurisdiction.
To the extent plaintiff challenges the threshold determination of probable cause, including the contention that the court was biased against him, that determination was made in a June 2015 order that is not on appeal and is therefore not properly before us.
The denial of reargument is not appealable (McCoy v Metropolitan Transp. Auth., 75 AD3d 428, 430 [1st Dept 2010]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK