Purcher v Sunrise Wind LLC (2026 NY Slip Op 50179(U))

[*1]

Purcher v Sunrise Wind LLC

2026 NY Slip Op 50179(U)

Decided on February 19, 2026

Supreme Court, Suffolk County

Matthews, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 19, 2026
Supreme Court, Suffolk County

Michael Purcher, Plaintiff,

againstSunrise Wind LLC and HAUGLAND ENERGY GROUP LLC, Defendants.

Index No. 613294/2024

Plaintiff's Attorney
Schwartzapfel Lawyers P.C. 
600 Old Country Road
Suite 450
Garden City, NY 11530 
Defendants' Attorney
La Salle, La Salle & Dwyer, PC 
309 Sea Cliff Avenue
Sea Cliff, NY 11579

James F. Matthews, J.

Upon the following papers read on defendants' motion for summary judgment (Motion Seq. 001), NYSCEF e-filed documents numbered 22 through 38 and 63 through 68, and upon plaintiff's motion for summary judgment (Motion Seq. 002), NYSCEF e-filed documents [*2]numbered 39 through 62 and 69 to 70, and upon due deliberation and consideration given to the foregoing papers, the motion is decided as follows:
This is an action to recover damages for personal injuries allegedly sustained by plaintiff Michael Purcher on April 13, 2024, while working on a construction project located between Exits 64 and 65 on the southbound service road of I-495 Long Island Expressway in Suffolk County, New York (see NYSCEF No. 1). In connection with the construction project, referred to as the Sunrise Offshore Wind Project (the Project), defendant Sunrise Wind LLC ("Sunrise Wind") engaged defendant Haugland Energy Group, LLC ("Haugland") to supply and install onshore underground transmission lines. Pursuant to their contract, Sunrise Wind was designated as "owner," and Haugland was designated as "contractor." Haugland then engaged nonparty Grace Industries LLC ("Grace") to excavate and restore trenches for the underground transmission lines. Plaintiff, who was employed by Grace, allegedly sustained injuries when his right foot was caught under the tread of an excavator. Subsequently, plaintiff commenced this action against defendants, asserting claims for alleged violations of Labor Law §§ 200, 241(6) and for common law negligence. Issue was joined and the note of issue has been filed.
Defendants now timely move for summary judgment dismissing plaintiffs claims for violations of Labor Law § 241(6) as against both defendants and plaintiffs claims for violations of Labor Law § 200 and common law negligence as against defendant Sunrise Wind. Plaintiff opposes defendants' motion arguing that defendants are strictly liable under Labor Law § 241(6), and that Sunrise Wind failed to demonstrate that it is not liable under Labor Law § 200 and common law negligence. 
Plaintiff also moves for summary judgment in his favor on the issue of liability regarding his claims under Labor Law § 241(6) for alleged violations of Industrial Code (12 NYCRR) § 23-4.2 (k), and on his claims against defendant Haugland for violations of Labor Law § 200 and common law negligence. Defendants oppose plaintiff's motion, arguing that there are triable issues of fact as to whether plaintiff's actions were the sole proximate cause of his injuries.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "A motion for summary judgment should not be granted where there are facts in dispute, where coflicting inferences may be drawn from the evidence, or where there are issues of credibility" (see Ferguson v Shu Ham Lam, 59 AD3d 388, 389 [2d Dept 2009]). If the proponent fails to meet their initial burden, summary judgment must be denied "regardless of the sufficiency of the opposing papers" (see Winegrad, supra, at 853) However, once the proponent has made a prima facie showing of entitlement, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial of the action" (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "[B]ald, conclusory assertions or speculation and '[a] shadowy semblance of an issue' are insufficient to defeat summary judgment . . .' as are mere conclusory claims" (see Stonehill Cap. Mgt., LLC v Bank of the West, 28 NY3d 439, 448 [2016] [internal citation omitted]).
Labor Law § 241(6) "imposes a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety to construction workers" (Comes v New York State Elec. & Gas, 82 NY2d 876, 878 [1993]). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately [*3]caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (see Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 850 [2d Dept 2022]; Aragona v State, 147 AD3d 808 [2d Dept 2017]). "The predicate Industrial Code section must 'set[ ] forth specific safety standards' " (see Zaino v Rogers, 153 AD3d 763, 764 [2d Dept 2017], quoting Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005 [2d Dept 2009]). 
In relevant part, Industrial Code (12 NYCRR) § 23-9.5 (g) provides that:
"Backing. Every mobile power-operated excavating machine except for crawler mounted equipment shall be provided with an approved warning device so installed as to automatically sound a warning signal when such machine is backing. Such warning signal shall be audible to all persons in the vicinity of the machine above the general noise level in the area."Defendants established their prima facie entitlement to summary judgment dismissing plaintiff's claims under Labor Law § 241 (6) insofar as those claims were premised upon an alleged violation of Industrial Code (12 NYCRR) § 23-9.5 (g), by demonstrating that the subject excavator was crawler-mounted and thereby exempt from the standards set forth in Industrial Code (12 NYCRR) § 23-9.5 (g) (see Zaino v Rogers, 153 AD3d 763 [2d Dept 2017], citing Millard v City of Ogdensburg, 300 AD2d 1088 [4th Dept 2002]). In opposition, plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 508 NYS2d 923). Accordingly, that branch of defendants' motion for summary judgment dismissing plaintiff's claims under Labor Law § 241(6) is granted insofar as those claims were premised upon an alleged violation of Industrial Code (12 NYCRR) 23-9.5 (g).
In relevant part, Industrial Code (12 NYCRR) § 23-4.2 (k) provides that "[p]ersons shall not be suffered or permitted to work in any area where they may be struck or endangered by any excavation equipment or by any material being dislodged by or falling from such equipment." Defendants failed to establish their prima facie entitlement to summary judgment dismissing plaintiff's claims under Labor Law § 241(6) insofar as those claims were premised upon an alleged violation of Industrial Code (12 NYCRR) § 23-4.2 (k). As an initial matter, while the Appellate Division is currently split on the issue, the Second Department has found that Industrial Code (12 NYCRR) § 23-4.2 (k) "is sufficiently specific to support a Labor Law § 241(6) cause of action" (see Zaino v Rogers, supra, at 765, citing Cunha v Crossroads II, 131 AD3d 440 [2d Dept 2015]; Ferreira v City of New York, 85 AD3d 1103 [2d Dept 2011]; Garcia v Silver Oak USA, Ltd., 298 AD2d 555, 748 NYS2d 674, opinion amended on reargument sub nom. Garcia v Silver Oak USA, Ltd., 754 NYS2d 549 [2d Dept 2002]).
Defendants' submissions fail to demonstrate, prima facie, that Industrial Code (12 NYCRR) § 23-4.2 (k) is inapplicable to this case (see Zaino, supra). Significantly, defendants' submissions, including plaintiff's deposition testimony and an affidavit by nonparty Michael Faitao, show conflicting accounts as to whether plaintiff had been directed to work in the area where he was injured, or whether he continued to work in the area where he was injured despite being reprimanded and told to move (see Villalta v Tonka Realty On 5th, LLC, 237 AD3d 1001 [2d Dept 2025]). Thus, triable issues of fact exist as to whether defendants violated Industrial Code (12 NYCRR) § 23-4.2 (k), whether their alleged violation was a proximate cause of plaintiff's injuries, and whether plaintiff's own actions were the sole proximate cause of his injuries (see Rosario v Horizon Networks, Inc., 240 AD3d 537 [2d Dept 2025]; Ochoa v JEM Real Est. Co., LLC, 223 AD3d 747 [2d Dept 2024]; Garcia v Emerick v Gross Real Estate, L.P., 196 AD3d 676 [2d Dept 2021]).
Given the triable issues of fact regarding whether defendants violated Industrial Code (12 NYCRR) § 23-4.2 (k), and whether such violation was a proximate cause of plaintiff's injuries, that branch of plaintiff's motion for partial summary judgment in his favor on the issue of liability regarding his claims under Labor Law § 241(6) for alleged violations of Industrial Code (12 NYCRR) § 23-4.2 (k) is also denied (see Villalta v Tonka Realty On 5th, LLC, 237 AD3d 1001 [2d Dept 2025).
"Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (see Rodriguez v Metro. Transp. Auth., 191 AD3d 1026, 1027 [2d Dept 2021]; see Ortega v Puccia, 57 AD3d 54 [2d Dept 2008]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (see Ortega v Puccia, 57 AD3d 54, 61 [2d Dept 2008]). Where both categories are alleged, the party seeking dismissal "is obligated to address the proof applicable to both liability standards" (see Marquez v L&M Dev. Partners, Inc., 141 AD3d 694, 699 [2d Dept 2016]). "Where the allegations involve dangerous or defective conditions on the premises where the work was performed, the property owner and/or general contractor will be held liable if they either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (see Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d 875, 879, 191 NYS3d 690, 694 [2d Dept 2023]; see Saitta v Marsah Props., LLC, 211 AD3d 1062, 182 NYS3d 141 [2d Dept 2022]; Ortega v Puccia, 57 AD3d 54, 866 NYS2d 323). "Where the allegations involve the manner in which the work was performed, the property owner and/or general contractor will be held liable only if they possessed the authority to supervise or control the means and methods of the work" (Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d 875, 879 [2d Dept 2013]; Saitta v Marsah Props., LLC, 211 AD3d 1062 [2d Dept 2022]; Ortega v Puccia, supra). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 62, 866 NYS2d 323, 330). 
Sunrise Wind established its prima facie entitlement to summary judgment dismissing plaintiff's claims for violations of Labor Law § 200 and for common law negligence by demonstrating that it did not have authority to supervise or control the means and methods of plaintiff's work (see Reyes v Sligo Constr. Corp., 214 AD3d 1014 [2d Dept 2023]; Giglio v Turner Constr. Co., 190 AD3d 829 [2d Dept 2021]; Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666 [2d Dept 2020]). Significantly, defendants' submissions, including the Contract and the parties' deposition testimony, demonstrated, prima facie, that defendant Haugland was responsible for training its personnel to perform work for the Project; that defendant Haugland had a general foreman; and that nonparty Grace, plaintiff's employer, had foremen who oversaw and directed subsidiary crews, including plaintiff's crew. Defendants' submissions also demonstrated, prima facie, that, prior to the commencement of the Project, Grace provided orientation and safety training, which addressed working alongside moving equipment; and that, prior to the commencement of each shift, the foremen held a "toolbox talk" to discuss potential hazards. In opposition, plaintiff failed to raise a triable issue of fact. Accordingly, those branches of defendants' motion for summary judgment dismissing the claims for violations of Labor Law § 200 and for common law negligence as against defendant Sunrise Wind are granted.
Finally, plaintiff established his prima facie entitlement to summary judgment on the issue of liability regarding his claims for violations of Labor Law § 200 and for common law negligence as against defendant Haugland by demonstrating that Haugland had authority to supervise or control the means and methods of his work, and that the lack of a dedicated spotter was a proximate cause of his injuries. However, in opposition, defendants raised triable issues of fact as to whether plaintiff was a recalcitrant worker, and whether his actions were the sole proximate cause of his injuries (see Garcia v Emerick Gross Real Est., L.P., 196 AD3d 676 [2d Dept 2021]). Significantly, defendants submitted an affidavit by nonparty Daniel Urquhart, the individual who operated the subject excavator. Urquhart stated that on the date of plaintiff's incident, the crew was working on one side of the excavator so that he could see them, and that plaintiff separated from the crew and positioned himself behind the excavator at an unsafe distance. Urquhart stated that he stopped the excavator, exited the cab, and told plaintiff to stay away from the rear of the excavator and to maintain a safe distance from the excavator. Urquhart stated that he returned to the cab and continued with his work, however plaintiff ignored his warning and returned to the rear of excavator, where he was injured. Accordingly, it is.
ORDERED that defendants Sunrise Wind's motion for summary judgment is granted in all respects and plaintiff's complaint is dismissed as to defendant Sunrise Wind; and it is further
ORDERED that defendant Haugland's motion for summary judgment is granted solely to the extent that plaintiff's claims under Labor Law § 241(6) are dismissed as against defendant Haugland insofar as those claims were premised upon an alleged violation of Industrial Code (12 NYCRR) § 23-9.5 (g) and is otherwise denied; and it is further
ORDERED that plaintiff's motion for summary judgment is denied in its entirety.
The parties will be given a further appearance date from the Calendar Control Part of this court.
The foregoing constitutes the decision and Order of the Court.
Dated: February 19, 2026
Riverhead, New York
E N T E R:
Hon. James F. Matthews, JSC