Anthony Partners LLC v Mici
2026 NY Slip Op 03502
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anthony Partners LLC, Plaintiff-Respondent,
v
Aleksander Mici et al., Defendants-Appellants.

Decided and Entered: June 04, 2026
Index No. 813158/24|Appeal No. 6797|Case No. 2025-07183|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Law Offices of Aleksander Mici, Bronx (Aleksander Mici of counsel), for appellants.
Abrams Fensterman, LLP, Lake Success (Rachelle Rosenberg of counsel), and Stanley K. Schlein, Bronx, for respondent.

[*1]
Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered October 28, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion to reargue, denominated as a motion to renew, unanimously dismissed, without costs, as taken from a nonappealable paper.
In this construction-related dispute, plaintiff moved by order to show cause for a temporary restraining order (TRO) prohibiting defendants from removing a sidewalk shed abutting their adjoining properties. The court granted plaintiff's request for the TRO pending a hearing. After the TRO was issued defendant Aleksander Mici personally dismantled the sidewalk shed. The court subsequently issued a preliminary injunction granting plaintiff the same relief and later held defendants in both civil and criminal contempt for willfully removing the sidewalk shed in violation of the TRO.
After a hearing to determine the appropriate contempt sanctions to be awarded plaintiff, defendants moved to "renew" their opposition to plaintiff's order to show cause, which motion the court treated as a motion to reargue and denied.
Supreme Court properly treated defendants' motion as one for reargument rather than renewal (see McCoy v Metropolitan Transp. Auth., 75 AD3d 428, 430 [1st Dept 2010], lv denied 17 NY3d 705 [2011]). The evidence presented on the motion was not new but was previously available to defendants because of defendant Mici's daily presence at plaintiff's construction site and his observation of the work taking place there (see CPLR 2221[e][2]; Bongiasca v Bongiasca, 289 AD2d 121, 122 [1st Dept 2001]). Thus, the appeal must be dismissed because no appeal lies from denial of a motion for reargument (see LFR Collections LLC v Blan Law Offs., 117 AD3d 486, 487 [1st Dept 2014]).
In any event, even if the evidence were new and the motion was treated as one for renewal, Supreme Court properly denied the motion because defendants provided no justification for failing to present the evidence on the original motion (see CPLR 2221[e][3]; Prime Income Asset Mgt., Inc. v American Real Estate Holdings L.P., 82 AD3d 550, 551 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Moreover, even had defendants presented a reasonable justification for not offering the evidence on the original motion, that justification would not have changed the prior determination, as the evidence has no bearing on the rationale supporting the orders that defendants seek to vacate (see CPLR 2221[e][2]; LFR Collections LLC, 117 AD3d at 487).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026